UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|     ) | |
|         Petitioner,     ) | Case No. 1:08-mc-70 |
|     ) | |
| v.     ) | Honorable Paul L. Maloney |
|     ) | |
| RANDALL MACZKA,     ) | |
|     ) | **REPORT AND RECOMMENDATION** |
|         Respondent.     ) | |
| _____ ) | |

This is a proceeding brought pursuant to 26 U.S.C. § 7604 to enforce an administrative summons issued by the Internal Revenue Service (IRS) on March 19, 2008. The summons relates the federal income tax liability of Randall Maczka for the taxable years ending December 31, 2001 through December 31, 2007. The summons was personally served upon respondent on March 19, 2008. The summons required him to testify before Revenue Officer Wayne S. Nelson and to produce certain records on April 16, 2008. Mr. Maczka failed to appear as required by the summons.

On July 10, 2008, District Judge Paul L. Maloney issued an order directing respondent to appear before me on September 8, 2008, at 10:00 a.m., to show cause why he should not be compelled to obey the IRS summons. (docket # 4). The hearing date was thereafter rescheduled to September 11, 2008, at 10:00 a.m. On September 4, 2008, respondent submitted a letter to the court (docket # 7), stating that he has "no objection to compliance with the IRS summons."

I conducted a hearing on Judge Maloney's order to show cause on September 11, 2008. I delayed commencement of the hearing for ten minutes, to give respondent an adequate opportunity to appear. Court was convened at approximately 10:10 a.m., and neither respondent nor anyone on his behalf appeared in response to the order to show cause. The United States was represented at the summons enforcement hearing by Assistant United States Attorney Agnes Kempker Cloyd, accompanied by Revenue Officer Nelson.

The Internal Revenue Code authorizes the Secretary of the Treasury, or his delegate, to issue administrative summonses for the purpose of ascertaining the correctness of any return or determining the liability of any person for any Internal Revenue tax. 26 U.S.C. § 7602. The IRS is empowered to apply to the district court for an order compelling compliance with administrative summonses. To be entitled to such an order, the United States has the burden of proving a *prima facie* case in favor of enforcement. To sustain its burden, the United States must show: (1) that the summons was issued for a legitimate purpose; (2) that the summoned data may be relevant to that purpose; (3) that the summoned information is not already in the government's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see United States v. Stuart*, 489 U.S. 353, 359 (1989); *see also United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 732-33 (6th Cir. 2006); *United States v. Brunet*, 5 F. App'x 445, 446 (6th Cir. 2001); *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996). The United States may establish its *prima facie* case under the statute by reliance upon the written declaration of the agent seeking enforcement of the summons. *See United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982); *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980); *see also United States v. Brunet*, 5 F. App'x at 446; *United States v. Heric*, No. 2:06-mc-02, 2007 WL

- 2 -

2434036, at * 2 (W.D. Mich. Aug. 22, 2007). Once the United States has shown a *prima facie* case, it is entitled to an enforcement order, unless the taxpayer can show that the IRS is attempting to abuse the court's process. *Stuart*, 489 U.S. at 360. The taxpayer carries the burden of proving an abuse of process. *Powell*, 379 U.S. at 58; *Wagenknecht v. United States*, 22 F. App'x 482, 483-84 (6th Cir. 2001); *United States v. Smith*, No. 99-3953, 2000 WL 1175543, at * 1 (6th Cir. Aug. 11, 2000); *Kondik*, 81 F.3d at 656.

   The declaration of Revenue Officer Nelson filed in support of the petition establishes each of the elements of a *prima facie* case. Respondent has submitted nothing to the court to sustain his burden of proving an abuse of the court's process in this case, and has affirmatively consented to the enforcement of the summons. The summons should therefore be enforced.

## **Recommended Disposition**

   I recommend that the petition of the United States to enforce the administrative summons be granted and that the court enter an order directing respondent to comply with the summons by a date certain, under pain of contempt of this court.

Dated:   September 23, 2008    /s/  Joseph G. Scoville
               United States Magistrate Judge

## **NOTICE TO PARTIES**

   Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).