UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:08-mc-70 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| RANDALL MACZKA, | |
| Respondent. | |

### ORDER

**Adopting the R&R without Objection;
Granting Plaintiff's Unopposed Petition to Enforce Administrative Summons;
Directing the Respondent to Comply with the Summons on Penalty of Contempt**

This is an action by the federal government to enforce an IRS administrative summons; the summons alleges that the citizen did not file federal income-tax returns for the tax years (calendar years) 2001 through 2007. Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, FED. R. CIV. P. 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See also* W.D. MICH. LCIVR 72.3(b); *Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule

requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, 1990 WL 95624, *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Magistrate Judge's R&R was issued and filed on Tuesday, September 23, 2008. On that same day, the Clerk's Office sent the R&R by regular mail to Maczka's address of record in Grant, Michigan, which is less than 83 miles from the Kalamazoo federal courthouse. For Maczka's sake, the court assumes that he did not receive the R&R until Tuesday, September 30, 2008, a full week after it was mailed.

FED. R. CIV. P. 6(a)(1) provides, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Thus, the ten-day objection period began on Wednesday, October 1, 2008. Days two and three were Thursday October 2 and Friday October 3.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a)(2). Thus the court excludes Saturday, October 4 and Sunday, October 5. Days four through eight ran from Monday, October 6 through Friday, October 10. The court excludes Saturday, October 11, Sunday, October 12, and Monday, October 13 (the Christopher Columbus Day holiday). Days nine and ten were Tuesday, October 14 and Wednesday, October 15.

Thus, the ten-day period for electronically filing objections expired at midnight on Wednesday, October 15. Because Maczka is proceeding *pro se* and was not required to e-file, the court adds another full calendar week to allow ample time for him to send objections by regular U.S.

mail. That places the deadline on Wednesday, October 22, 2008. Maczka neither filed objections nor sought an extension of time in which to do so.

As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)© simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

---

[1] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

In any event, the court finds the R&R's outcome and rationale to be sound.[2] First, title 26 U.S.C. § 7602 authorized the U.S. Treasury Secretary to issue this administrative summons "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of[ Maczka] for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of [Maczka] in respect of any revenue tax, or [for the purpose of] collecting any such liability . . . ." Specifically, the statute authorizes the Secretary to summon Maczka to appear at a time and place named by the summons, to produce records and data, and to testify under oath. 28 U.S.C. § 7206(2) and (3). The Internal Revenue Code also confers jurisdiction on this court to enforce such a summons:

> If any person is summoned under the Internal Revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides of may be found shall have jurisdiction by

---

[2]

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." * * * Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))).

*See also Lewis v. Comm'r of Soc. Sec.*, 2008 WL 3875403, *1-2 (W.D. Mich. Aug. 15, 2008) (Maloney, C.J.); *Veltkamp v. Comm'r of Soc. Sec.*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002)); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

>appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. § 7402(b); *see also* 26 U.S.C. § 7604(a) (same).

The Magistrate Judge correctly concluded that the federal government carried its burden of establishing a *prima facie* case for enforcement of the administrative summons against Maczka: (1) the summons was issued for a legitimate purpose, (2) the summoned data may be relevant to that purpose, (3) the summoned information is not already in the government's possession, and (4) the government has followed the administrative steps required by the Internal Revenue Code, title 26 of the U.S. Code. *See, e.g., US v. Rozelle*, 2007 WL 2007 WL 2814913, *2 (W.D. Mich. Sept. 25, 2007) (Gordon Quist, J.) (citing, *inter alia*, *Powell*, 379 U.S. at 57-58). The Magistrate Judge properly permitted the government to rely on the written declaration of an internal revenue agent to establish those elements of the prima facie case for enforcement. *See, e.g., US v. Christensen*, 2006 WL 1752401, *2 (W.D. Mich. June 23, 2006) (Robert Holmes Bell, C.J.) (citing, *inter alia*, *Will*, 671 F.2d at 966).

It is also undisputed that as a Revenue Officer, the officer here had the authority to issue the instant summons to Maczka. *See US v. Decanter*, 2007 WL 2302341, *3 (W.D. Mich. Aug. 8, 2007) (Quist, J.) (citing, *inter alia*, 26 C.F.R. § 301.7602-1(b) and § 301.7701-9(b) and IRS Delegation Order No. 4 Rev. 22, 1997 WL 33479254, eff. Aug. 18, 1997 and amended Oct. 2, 2000).

Once the federal government has established a prima facie case for enforcement of the administrative summons, it is entitled to enforcement unless the citizen can show that the IRS is attempting to abuse the court's process. *US v. Maczka*, 957 F. Supp. 988, 990 (W.D. Mich. 1996) (David McKeague, J.) (citing *Stuart*, 489 U.S. at 360). It is the citizen's burden to show IRS abuse of process, *Maczka*, 957 F. Supp. at 990 (citing *Powell*, 379 U.S. at 58), and Maczka has not

attempted to make this showing.

For the reasons stated by the R&R, the federal government has established its entitlement to enforcement of the administrative summons.

**ORDER**

Accordingly, having reviewed the federal government's petition to enforce administrative summons; the Declaration of Revenue Officer Wayne S. Nelson dated May 14, 2008; the June 3, 2008 affidavit of IRS Michigan Associate Area Counsel Robert D. Heitmeyer; and the R&R; and having received no objection to the R&R, it is hereby **ORDERED** that:

The R&R is **ADOPTED**.

The United States of America's petition to enforce the Internal Revenue Service Administrative Summons attached to the petition is **GRANTED**.

The Internal Revenue Service Administrative Summons that was issued to the respondent, Randall C. Maczka, on March 19, 2008, **SHALL BE ENFORCED**.

On Monday, December 15, 2008, at 10:00 a.m., the respondent **SHALL APPEAR** before Revenue Officer Wayne S. Nelson or his designated representative, at the IRS office at 678 Front Street, North West, in Grand Rapids, Michigan 49504, and there to be sworn and give testimony, and there to produce for examination and copying all books, papers, records, and other data as is required by the terms of said summons.  The examination of the respondent and/or the records shall continue from day to day until completed.

A copy of this order **SHALL** be served on the respondent.

The respondent is hereby **ADVISED** that if he does not comply with the summons, he may be held in contempt of court.

**This order is not appealable.** *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[F]ailure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[3]

**IT IS SO ORDERED this 27th day of October 2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[3]

*See, e.g., Schrader v. Comm'r of Soc. Sec.*, 2008 WL 360649, *3 with n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155)).

*See also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).